UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL JEROME DALAVAI,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE REGENTS, et al,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 22-cv-1992-CAB-WVG<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>**[Doc. Nos. 11, 13]** |

This matter is before the Court on Defendants The Regents and The Elizabeth Hospice's motions to dismiss. The motions have been fully briefed, and the Court finds them suitable for determination on the papers. For the reasons set forth, the motions to dismiss [Doc. Nos. 11, 13] are **GRANTED.**

**I.    PROCEDURAL HISTORY**

This case was filed shortly after this Court dismissed a previous action filed by Plaintiff for lack of Article III standing. *See* 22-cv-1471-CAB-WVG at Doc. No. 15. In that case, Plaintiff, proceeding *pro se*, filed a complaint on behalf of himself alleging the same violation of federal law presented by his current complaint. Plaintiff's federal claim made in his individual capacity was dismissed with prejudice for lack of standing and the case was dismissed.

Plaintiff then sought to reinstate the previous action alleging the same violation of federal law still naming himself as plaintiff but in the capacity of appointed special counsel on behalf of the estate of his mother Geetha Dalavai (the "Decedent"). The Plaintiff was advised however that he could not proceed *pro se* as the representative of the Decedent's estate and the amendment substituting the estate as plaintiff was not allowed. Plaintiff was advised that he could file a new case on behalf of the Decedent's estate, but he needed to obtain counsel to do so. *See* 22-cv-1471-CAB-WVG at Doc. No. 16.

Plaintiff then filed the present action, proceeding *pro se*, not on behalf the Decedent's estate, but in a new capacity as "successor in interest" of the Decedent. This new complaint [Doc No. 1] alleges one federal claim against The Regents, as representatives of UC San Diego Health ("UCSD Health"), under the Emergency Medical Treatment & Labor Act, 42 U.S.C. § 1395dd ("EMTALA"). He also alleges multiple state law violations against The Regents and The Elizabeth Hospice. On January 24, 2023, The Regents filed a motion to dismiss for failure to state a claim. [Doc. No. 11]. On January 27, 2023, The Elizabeth Hospice filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. [Doc. No. 13]. Plaintiff filed a consolidated response to both motions on March 14, 2023. [Doc. No. 23]. Both Defendants filed their reply on March 21, 2023. [Doc. No. 25]. Plaintiff, without leave, filed a surreply on March 27, 2023. [Doc. No. 26].

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that on September 1, 2020, the Decedent went to the Inland Valley Medical Center Emergency Room ("IVMC") for shortness of breath. [Doc. No. 1 at 10]. IVMC admitted the Decedent to their care shortly after her arrival to the hospital. [Doc. No. 1 at 11]. In the time she was at IVMC, the Decedent was not diagnosed with the emergency medical condition listed on her death certificate. [Doc. No. at 13]. When IVMC determined the Decedent needed a higher-level of care, she was transferred to Jacobs Medical Center at UCSD Health on September 16, 2020. [Doc. No. 1 at 13]. UCSD Health allegedly did not treat all the diseases identified at IVMC, and failed to diagnose or stabilize

the underlying disease that caused the Decedent's emergency medical condition. [Doc. No. 1 at 22]. UCSD Health allegedly determined the Decedent was not a candidate for a lung transplant and transferred the Decedent to The Elizabeth Hospice. [Doc. No. 1 at 23]. In transferring her to The Elizabeth Hospice, UCSD Health allegedly prevented Decedent from being transferred to another facility to receive life-saving treatment. [Doc. No. 1 at 26].

### III.   STANDARD OF REVIEW

#### a.   Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed for lack of subject matter jurisdiction. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* When assessing a 12(b)(1) motion to dismiss, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

"The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

#### b.   Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"—

generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### IV. DISCUSSION

#### a. Lack of Subject Matter Jurisdiction Over the Claims Made Against The Elizabeth Hospice

The Elizabeth Hospice argues the claims against it should be dismissed for lack of subject matter jurisdiction. [Doc. No. 13 at 8-9]. The Complaint indicates that subject matter jurisdiction should exist via diversity under 28 U.S.C. § 1332(a). For a federal court to have subject matter jurisdiction based on diversity (1) all plaintiffs must be citizens of different states from all defendants, and (2) the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Complaint indicates that Plaintiff and two Defendants

are citizens of California. Because the parties are not citizens of different states there is no diversity jurisdiction.

The only basis for subject matter jurisdiction in this matter is the federal claim under the EMTALA. Plaintiff brings his federal claim against The Regents alone. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. The Elizabeth Hospice is hereby **DISMISSED** from this action for lack of subject matter jurisdiction over the claims alleged against them.[1]

### b. EMTALA

Plaintiff's sole federal claim against The Regents is pursuant to the Emergency Medical Treatment & Labor Act. The Regents argue this case should be dismissed because (1) Plaintiff lacks standing to bring his EMTALA claim; (2) Plaintiff's EMTALA claim is barred by the statute of limitations; and (3) Plaintiff fails to state an EMTALA claim. [Doc. No. 11]. The Court addresses each argument separately.

### 1. Standing

The Regents assert this case should be dismissed because Plaintiff lacks standing and his EMTALA claim is barred by collateral estoppel. The Court finds Plaintiff has standing to bring this case.

Plaintiff brings the present case as the Decedent's successor in interest pursuant to California Code of Civil Procedure 377. "A cause of action for . . . a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Code Proc. ("CCP") 377.20(a). A deceased's "successor in interest" is "defined as the beneficiary of the decedent's estate or 'other successor in interest who succeeds to a cause of action." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1053 (9th Cir. 2018). All that is required under the California Code of Civil Procedure to become successor in interest is an affidavit comporting with the requirements in CCP 377.32.

---

[1] Because the Court lacks subject matter jurisdiction, it declines to consider the merits of The Elizabeth Hospice's further arguments for dismissal.

5

22-cv-1992-CAB-WVG

are citizens of California. Because the parties are not citizens of different states there is no diversity jurisdiction.

The only basis for subject matter jurisdiction in this matter is the federal claim under the EMTALA. Plaintiff brings his federal claim against The Regents alone. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. The Elizabeth Hospice is hereby **DISMISSED** from this action for lack of subject matter jurisdiction over the claims alleged against them.[1]

### b. EMTALA

Plaintiff's sole federal claim against The Regents is pursuant to the Emergency Medical Treatment & Labor Act. The Regents argue this case should be dismissed because (1) Plaintiff lacks standing to bring his EMTALA claim; (2) Plaintiff's EMTALA claim is barred by the statute of limitations; and (3) Plaintiff fails to state an EMTALA claim. [Doc. No. 11]. The Court addresses each argument separately.

### 1. Standing

The Regents assert this case should be dismissed because Plaintiff lacks standing and his EMTALA claim is barred by collateral estoppel. The Court finds Plaintiff has standing to bring this case.

Plaintiff brings the present case as the Decedent's successor in interest pursuant to California Code of Civil Procedure 377. "A cause of action for . . . a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Code Proc. ("CCP") 377.20(a). A deceased's "successor in interest" is "defined as the beneficiary of the decedent's estate or 'other successor in interest who succeeds to a cause of action." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1053 (9th Cir. 2018). All that is required under the California Code of Civil Procedure to become successor in interest is an affidavit comporting with the requirements in CCP 377.32.

---

[1] Because the Court lacks subject matter jurisdiction, it declines to consider the merits of The Elizabeth Hospice's further arguments for dismissal.

Successors in interest have standing to sue in EMTALA claims. *See Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1166 (9th Cir. 2002). While it is well established that an individual cannot appear on behalf of another, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2009), some courts have determined that *pro se* successors in interest can establish claims without counsel. *See Raymond v. Martin*, No. 118CV00307DADJLT, 2018 WL 2047202 (E.D. Cal. May 2, 2018) (finding that father, *pro se*, had standing to bring § 1983 claim as son's successor in interest); *See also Gutierrez v. Tucker*, No. 219CV0878JAMDMCP, 2021 WL 5263847 at *4 (E.D. Cal. April 20, 2021) (denying *pro se* successor in interest's motion to appoint counsel because he could "articulate claims on his own"); *See also Doss v. JPMorgan Chase Bank, N.A.*, No. 18-CV-5512-EDL, 2018 WL 11471479 (N.D. Cal. Oct. 30, 2018) (allowing *pro se* successor in interest to amend complaint to establish affidavit requirement).

Here, Plaintiff has filed an affidavit sufficient to meet the requirements of CCP 377.32. [Doc. No. 5]. The Court finds Plaintiff has standing to sue as successor in interest, and he may proceed with this action as a *pro se* litigant. The Regents' collateral estoppel argument is inapplicable here because Plaintiff, as successor in interest to the Decedent, is a new party alleging new claims. Accordingly, The Regents' motion to dismiss based on standing is **DENIED.**

### 2. Statute of Limitations

The Regents assert this case should be dismissed because the EMTALA claim is barred by the statute of limitations. Plaintiff argues his claim is not barred by the statute of limitations because he filed the lower numbered case prior to the statute of limitations deadline, and his current claims "relate-back" to the timely complaint. *See* 22-cv-1471-CAB-WVG at Doc. No. 1.

The statute of limitations for an EMTALA claim is two years. 42 U.S.C. § 1395dd(d)(2)(C). The latest date of wrongdoing by UCSD Health alleged in the Complaint is October 1, 2020. [Doc. No. 1 at 22]. The statute of limitations required this claim to be filed by October 1, 2022, and the Complaint was brought on December 15, 2022. This case

does not relate back, as Plaintiff has filed a new complaint with new parties. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (finding a second complaint does not relate back to a first complaint because it is not an amendment, "but rather a separate filing"). The statute of limitations has run on Plaintiff's EMTALA claim, and the Court does not see any reason to grant tolling of the statute of limitations.

Accordingly, Plaintiff's EMTALA claim is **BARRED** by the statute of limitations, and the Regents' motion to dismiss is **GRANTED** on that ground.

### 3. Failure to State Claim

Even if this case was not barred by the statute of limitations, Plaintiff fails to state an EMTALA claim. Plaintiff alleges the EMTALA was violated when UCSD Health (1) failed to take reasonable steps to secure Decedent's written informed consent to refuse examination and treatment available under the statute; (2) failed to provide necessary screening for the emergency medical condition Decedent had "when she checked in to the emergency at Inland Valley Medical Center."; and (3) prematurely transferred Decedent to hospice care. The Regents argue Plaintiff fails to state an EMTALA claim because UCSD Health was not an emergency department liable under the EMTALA.

EMTALA requires a hospital's emergency department to "provide [] an appropriate medical screening examination within the capability of the hospital's emergency department . . . to determine whether or not an emergency medical condition . . . exists." 42 U.S.C. § 1395dd(a). A participating hospital "has a duty to stabilize only those emergency medical conditions that its staff detects." *Bryant*, 289 F.3d at 1166 (quoting *Jackson v. East Bay Hosp.*, 246 F.3d 1248, 1254 (9th Cir. 2001)). "EMTALA's stabilization requirement ends when an individual is admitted for inpatient care." *Id.* at 1168.

The Complaint alleges IVMC was the emergency department Decedent visited for shortness of breath on September 1, 2020. IVMC later admitted Decedent to inpatient care from September 1, 2020 to September 16, 2020 prior to transferring her to UCSD Health. [Doc. No. 1 at 10]. The only hospital liable under the EMTALA would be IVMC, who is

not a party to this action, and IVMC's liability ended once they admitted the Decedent to inpatient care. Plaintiff also acknowledges that "IVMC did not violate EMTALA as they conducted an [appropriate medical screening examination] within their capacity." [Doc. No. 23 at 24]. The Decedent was transferred to UCSD Health *after* she visited the emergency department and was admitted to inpatient care at IVMC. Plaintiff has not alleged facts sufficient to establish UCSD Health violated the EMTALA.

Accordingly, The Regents' motion to dismiss for failure to state a claim is **GRANTED**.

### 4. Leave to Amend

Federal Rule of Civil Procedure 15 states that courts "should freely give leave [to amend] when justice so requires." "But a district court need not grant leave to amend where the amendment: (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be subject to dismissal." *Woods v. First Am. Title, Inc.*, No. CV111284GHKVBKX, 2011 WL 13218022, at *2 (C.D. Cal. Sept. 20, 2011). Because Plaintiff fails to state an EMTALA claim and this claim is barred by the statute of limitations, the Court finds any further amendment to Plaintiff's EMTALA claim would be futile. The Court declines to grant leave to amend.

////
////
////
////
////
////
////

## V. CONCLUSION

In light of the foregoing, the Court hereby **ORDERS:**

    1. The Elizabeth Hospice's motion to dismiss for lack of subject matter jurisdiction is **GRANTED.**

    2. Plaintiff's EMTALA claim is **BARRED** by the statute of limitations.

    3. The Regent's motion to dismiss for failure to state an EMTALA claim is **GRANTED** without leave to amend.

This order is without prejudice to Plaintiff filing his state law claims in state court.[2] The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated: April 5, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] The Court does not take a position as to whether those claims would be time barred by the statute of limitations.