UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL JEROME DALAVAI,<br><br>                              Plaintiff,<br><br>v.<br><br>THE REGENTS, et al.,<br><br>                              Defendants. | Case No.:  22-CV-1992-CAB-WVG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. Nos. 29, 30, 31] |

Plaintiff Randal Dalavai, as successor in interest on behalf of his deceased mother, Geetha Dalavai ("the Decedent"), sues Defendant The Regents, as representatives of UC San Diego Health, for violation of the Emergency Medical Treatment and Labor Act ("EMTALA"). Plaintiff also sues Defendants The Regents and The Elizabeth Hospice for violation of three state law claims. Both The Regents and The Elizabeth Hospice filed motions to dismiss [Doc. Nos. 11, 13]. The Court granted without leave to amend The Regents' motion to dismiss for failure to state an EMTALA claim, as Plaintiff's EMTALA claim is time barred and the facts presented in the Complaint failed to state a claim against The Regents. The Court also granted The Elizabeth Hospice's motion to dismiss on the basis it lacked subject matter jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims were dismissed without prejudice to being filed in state court. [Doc. No. 27].

Plaintiff now moves for reconsideration of the dismissal pursuant to Federal Rule of Civil Procedure 60(b). [Doc. Nos. 29, 30, 31].[1] "The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

Plaintiff does not satisfy the requirements for reconsideration. In his motion, Plaintiff restates his argument about leave to amend. Plaintiff also argues that his claim is not barred by the statute of limitations, given the Court's recognition in the dismissal order of Plaintiff's standing as the Decedent's successor in interest. Plaintiff then attempts to bring a new argument related to the Decedent's patient status for purposes of determining whether he establishes a cause of action under the EMTALA. The only argument necessary to address here is whether Plaintiff's status as successor in interest allows for relation back to the complaint he filed in the lower numbered case. *See* 22-cv-1471-CAB-WVG.

Plaintiff cites one new case regarding the relation back of claims asserted by successors in interest. *See Est. of Garcia-Vasquez v. Cnty. of San Diego*, No. 06CV1322LABLSP, 2008 WL 4183913 (S.D. Cal. Sept. 9, 2008). However, that case is distinguishable from the facts here. In *Estate of Garcia-Vasquez*, the court found that relation back could be appropriate in a singular case where a decedent's successors in interest would replace a plaintiff who improperly purported to represent a decedent's estate. Here, Plaintiff brought the lower numbered case (*See* 22cv1471-CAB-WVG) as himself, which was dismissed with prejudice for lack of standing. He then brought new claims, as

---

[1] Plaintiff filed the same motion on April 13, 2023 under two different names [Doc. No. 29 and 30]. Plaintiff then filed the same motion on April 14, 2023 [Doc. No. 31]. This order applies to all three motions.

a new party, well after the statute of limitations deadline for his sole federal claim under the EMTALA. Because it finds the EMTALA claim is time barred, the Court declines to assess the merits of Plaintiff's new EMTALA argument.

Ultimately, the Court echoes the following sentiment expressed by another district judge that motions for reconsideration should not be used merely as an intermediate "appeal" before taking a disputed ruling to the Ninth Circuit:

> The Court cannot emphasize strongly enough that the Rules allowing for motions for reconsideration are not intended to provide litigants with a second bite at the apple. Rather, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In an adversarial system such as ours, more often than not one party will win and one will lose. Generally, it follows that the losing party will be unhappy with the Court's decision. Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it. Rather than either accept the Court's ruling or appeal it, it seems to have instead become *de rigueur* to file a motion for reconsideration. The vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the brief to be opposed. It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them. But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.
>
> This is not to say that a motion for reconsideration is never well-taken. A litigant should not shy from bringing to the Court's attention changes in facts and circumstances that render a ruling no longer logical, an intervening change in controlling authority, or other critical matters that the Rules provide should be brought to the Court's attention in this way. On this basis, motions for reconsideration should be few, far between, and narrowly focused. When this is the case, the Rules work as they were intended, and the Court can focus on the business of justice.

*Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3–4 (S.D. Cal. Apr. 10, 2007). The Court considered the entirety of the Complaint [Doc. No. 1] as well as all of the arguments in Plaintiff's Response and Surreply [Doc.

Nos. 23, 26] when it granted Defendants' motions to dismiss, and is not persuaded that its order was incorrect.  Accordingly, Plaintiff's motion is **DENIED**.

It is **SO ORDERED**.

Dated:  April 14, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge